931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence H. JENNINGS, Petitioner-Appellant,
v.
Michael O'LEARY, Warden and Attorney General of the State of
Illinois, Respondents-Appellees.
 No. 88-3144.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1991.*
Decided April 23, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se petitioner Lawrence Jennings appeals from the denial of his petition for a writ of habeas corpus for failure to exhaust his state court remedies. We affirm, albeit on a different ground than that relied on by the district court. See DeBruyne v. Equitable Life Assurance Soc., 920 F.2d 457, 464 (7th Cir.1990) (appellate court may affirm on any ground supported by the record).
 
 
 2
 Jennings was charged in Illinois with rape and deviate sexual assault. A jury convicted him on the rape charge, but acquitted him on the deviate sexual assault charge. After a hearing, the trial court denied his petition for post-conviction relief. The state appellate court consolidated his direct appeal and post-conviction case and affirmed. The Illinois Supreme Court denied review.
 
 
 3
 The district court dismissed without prejudice his first habeas petition filed at the same time that Jennings sought review by the Illinois Supreme Court. Later he filed a second petition raising five claims, only one of which had been presented in state court. That issue was whether his confession was admitted against him even though he did not waive his Miranda rights. The four issues raised for the first time on habeas review were: whether the state had jurisdiction to charge him with deviate sexual assault; whether his counsel rendered ineffective assistance of counsel for not raising this jurisdictional issue; whether the state violated discovery rules; and whether his confession was involuntary because he gave it while on drugs. Judge Duff denied the petition because Jennings failed to exhaust the jurisdictional claim in state court. The judge reasoned that Illinois law allows a defendant to object to the jurisdiction of the court at any time and that Jennings should pursue an action under state habeas corpus. Ill.Rev.Stat. ch. 110, Sec. 10-124(1) (1984).
 
 
 4
 We believe the petition should have been denied for a different reason. Jennings claims that the state court did not have jurisdiction to charge him with deviate sexual assault, even though the jury acquitted him on this charge. This claim, based on the impropriety of a charge for which he was not convicted, is irrelevant to Jennings' conviction for rape. As such he can have no claim to habeas relief. For the same reason, he has no claim for ineffective assistance of counsel claim premised on his trial counsel's failure to raise this state court jurisdiction issue.
 
 
 5
 Jennings has procedurally defaulted on two other claims, those alleging discovery violations and challenging the voluntariness of his confession. He did not present these claims to the state court in his consolidated appeal. He has made no argument in federal court regarding cause and prejudice, and these issues are waived.
 
 
 6
 The only claim that is properly preserved involves the waiver of Miranda rights. The facts discussed by the state appellate court, which are presumed correct under section 2254(d), establish that at the time of arrest, Jennings was 33-years-old, had a high school education, and had taken some college courses. Sergeant McMullin read Jennings his Miranda rights and Jennings said he understood each warning. The Sergeant then asked Jennings if there was anything he wanted to say about the incident. Jennings told the Sergeant that he had seen the victim sleeping in her car, broke the passenger side window with a metal bar, entered the vehicle, pulled the victim's pants down, and raped her. The Sergeant had no difficulty understanding Jennings and Jennings appeared able to understand the officer.
 
 
 7
 The giving of Miranda warnings has operated to obviate the need for a case-by-case inquiry into the actual voluntariness of the admissions by the suspect. California v. Prysock, 453 U.S. 355, 359 (1981). Absent any indication that the suspect failed to understand the warnings or the consequences of speaking freely, a waiver can be relied on as knowing and intelligent. See Colorado v. Spring, 479 U.S. 564, 575 (1987). The totality of these circumstances reveal that Jennings understood his rights and made an uncoerced choice to talk. The trial court properly rejected the Miranda claim.
 
 
 8
 On appeal, Jennings filed a three page brief raising a host of other issues for the first time. Apart from being difficult to understand, the new issues are waived because they were not first presented to the district court in either the habeas petition or opening brief. Gomez v. Greer, 896 F.2d 252, 254 (7th Cir.1990). For the reasons discussed here, the denial of the petition for a writ of habeas corpus is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record